AF Approval _TLK for JAM_                          Chief Approval __DJM__

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                                CASE NO. 8:25-cr-00076-TPB-AAS

SANJAR JAMILOV,
    a/k/a "Jerry Braun"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, Sanjar Jamilov, and the attorney for the defendant, David Haas, Esq., mutually agree as follows:

**A.**    **Particularized Terms**

    1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Conspiracy to Commit Federal Offenses, in violation of 18 U.S.C. § 371.

    2.    Maximum Penalties

Count One carries a maximum sentence of 5 years' imprisonment, a fine of $250,000.00, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _S J_

offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

    3.    Elements of the Offense

    The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty. The elements of Count One are:

| | |
|---|---|
| First: | Two or more people in some way agreed to try to accomplish a shared and unlawful plan to give false information in registering to vote, in violation of 52 U.S.C. § 10307(c), and to submit fraudulent voter registrations, in violation of 52 U.S.C. § 20511(2)(A); |
| Second: | The defendant knew the unlawful purpose of the plan and willfully joined in it; |
| Third: | During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and |
| Fourth: | The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. |

The elements of a violation of 52 U.S.C. § 10307(c) are:

| | |
|---|---|
| First: | The Defendant knowingly or willfully provided false information regarding his name, address, or period of residence |
| Second: | To establish his eligibility to register to vote. |

The elements of a violation of 52 U.S.C. § 20511(2)(A) are:

Defendant's Initials _S J_           2

| First: | The Defendant knowingly and willfully attempted to defraud state voters of a fair election by |
| Second: | Submitting voter registration applications that were |
| Third: | Known by the defendant to be materially false, fictitious, or fraudulent under state law. |

Florida law makes it a third-degree felony to willfully submit false voter registration information. Fla. Stat. § 104.011(2) (third-degree felony).

4.   Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts Two, Three, Four, and Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a

Defendant's Initials  $S\ 7$                3

recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.     Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.     Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials  $\underline{S\,\mathcal{J}}$               4

qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials  $S\,J$          5

10.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware

Defendant's Initials  _S J_                    6

of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, the prosecution of which in accordance with this agreement the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case

Defendant's Initials $\underline{S\,T}$                7

but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

c. As described in United States Sentencing Guidelines Section 1B1.8, the government agrees that self-incriminating information provided pursuant to this agreement will not be used against the defendant, except to the extent provided herein. As provided in USSG § 1B1.8(b), this agreement shall not be applied to restrict the use of information: (1) known to the government prior to entering into the cooperation agreement; (2) concerning the existence of prior convictions and sentences in determining § 4A1.1 (Criminal History Category) and § 4B1.1 (Career Offender); (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of the cooperation agreement by the defendant; or (5) in determining whether, or to what extent, a downward departure is warranted pursuant to a government motion under § 5K1.1.

11.    Removal - Consent and Cooperation

The defendant agrees and consents to removal from the United States following completion of the defendant's sentence and agrees to waive the defendant's rights to any and all forms of relief from removal or exclusion.  The defendant further agrees to abandon any pending applications for relief from removal or exclusion, and to cooperate with the Department of Homeland Security during removal proceedings.

Defendant's Initials  _S J_                8

12.    Removal - Notification

The defendant has been advised and understands that pleading guilty

may have consequences with respect to the defendant's immigration status if the

defendant is not a citizen of the United States. Under federal law, the offense to

which defendant is pleading guilty may be a removable offense. Removal and other

immigration consequences are the subject of a separate proceeding, however, and the

defendant understands that no one, including the defendant's attorney or the district

court, can predict to a certainty the effect of the defendant's conviction on the

defendant's immigration status. The defendant nevertheless affirms that the

defendant wants to plead guilty regardless of any immigration consequences that

may result from the defendant's guilty plea, even if the consequence is the

defendant's automatic removal from the United States following completion of the

defendant's sentence.

## B.    **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or

in lieu of any other penalty, shall order the defendant to make restitution to any

victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18

U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to

any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all

counts charged, whether or not the defendant enters a plea of guilty to such counts,

and whether or not such counts are dismissed pursuant to this agreement. The

Defendant's Initials  $\underline{S\,J}$          9

defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials ____S.Y.____          10

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five

Defendant's Initials  $S\mathcal{J}$                11

years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government

Defendant's Initials  $S\mathcal{I}$                    12

expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

       7.     Defendant's Waiver of Right to Appeal the Sentence

       The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

       8.     Middle District of Florida Agreement

       It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials  $S\,\mathcal{I}$          13

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this case, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials  _SJ_                14

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

At times relevant to this conspiracy, the Pinellas County Supervisor of Elections ("PCSOE") was responsible for conducting voter registration for state, federal, and local elections and for administering all elections in Pinellas County, Florida. DMITRY SHUSHLEBIN was a citizen of Russia residing in the United States. SANJAR JAMILOV was a citizen of Uzbekistan residing in the United States.

In or around January of 2023, SHUSHLEBIN hired JAMILOV and another co-conspirator to, among other things, submit approximately 132 false and fraudulent voter registration applications, in the names of fictitious individuals, to

Defendant's Initials  $\underline{S\,J}$                15

the PCSOE. The applications contained numerous similarities and none of the
purported applications appeared to exist in State of Florida databases, which led the
PCSOE to identify them as fraudulent and reject them.

In order to ensure that any voter registration mail was received by the
conspirators, the conspirators further submitted change of address forms to the
United States Postal Service for approximately 129 of the 132 applications. These
change of address forms redirected mail for the fictitious applicants on the voter
registration forms to (1) a mailbox controlled by SHUSHLEBIN in someone else's
name (approximately 69 of the applications); (2) an apartment where JAMILOV
lived (approximately 46 of the applications); and (3) a commercial property that
SHUSHLEBIN had rented using an alias (approximately 17 of the applications).

For example, on February 14, 2023, working at the direction of
SHUSHLEBIN, JAMILOV submitted fraudulent voter registration applications to
the PCSOE in the names of "Ethan Cunningham" and "Michael Craig." On
February 17, JAMILOV submitted a fraudulent voter registration application to the
PCSOE in the name of "Ariel Elston." On February 18, JAMILOV submitted a
fraudulent voter registration application to the PCSOE in the name of "Norberto
Sasser." None of the combinations of names, dates of birth, and social security
numbers on these applications correspond to real people and none of them are
JAMILOV's or his co-conspirators. Fingerprints belonging to JAMILOV were
identified on each of these applications.

Each time that JAMILOV submitted a fraudulent voter registration

Defendant's Initials _S͡ꓶ_                 16

application, he forged the fictitious voter's signature next to the following statement:

> **Oath:** I do solemnly swear (or affirm) that I will protect and
> defend the Constitution of the United States and the Constitution
> of the State of Florida, that I am qualified to register as an elector
> under the Constitution and laws of the State of Florida, and that
> all Information provided in this application is true.

In February of 2023, JAMILOV's roommate confronted JAMILOV about a large number of United States Postal Service Change of Address forms that had been delivered to their apartment. The Change of Address confirmation notices corresponded to more than twenty of the fictitious voters for whom JAMILOV and his co-conspirators had submitted fraudulent voter registration applications. JAMILOV responded that the Change of Address confirmation notices were intended for him and his girlfriend, and that they were expecting to receive more.

On March 3, 2023, SHUSHLEBIN sent an email to an owner of a mailbox store in Fort Myers, Florida, instructing that individual to send mail from the PCSOE addressed to an address that SHUSHLEBIN controlled in Clearwater. The mail related to fraudulent voter registrations that JAMILOV and others had submitted at SHUSHLEBIN's direction.

On March 7, 2023, SHUSHLEBIN, posing as "Foster Haugen," one of the names on the fraudulent voter applications, called the Pinellas County Supervisor of Elections to inquire about registering to vote without a valid Florida driver's license or ID card. While he claimed to be Foster Haugen, the caller ID for the number SHUSHLEBIN used said "Weston Dyer," a name that had been used on

Defendant's Initials _S.I._          17

another one of the fraudulent voter registration applications in the 132 applications received by the Pinellas County Supervisor of Elections.

SHUSHLEBIN paid JAMILOV and other co-conspirators for their work in furtherance of the conspiracy. For example, on February 3, 2023, SHUSHLEBIN used a bank account in the name of "Ilya Yazikov" to send a payment of $1,000 to JAMILOV. On February 17, 2023, SHUSHLEBIN again used a bank account in the name of "Ilya Yazikov" to send a payment of $1,000 to JAMILOV.

A search of SHUSHLEBIN's apartment in Miami Beach, Florida, revealed that SHUSHLEBIN possessed credit cards and fake driver's licenses in the name of many of the fictitious voters identified in this scheme. A search of SHUSHELBIN's Apple iCloud account revealed fraudulent use of many of the identities for which JAMILOV had submitted voter registration applications, including evidence that SHUSHLEBIN had used the identities of "Ariel Elston" and "Norberto Sasser" to open bank accounts and obtain fraudulent loans.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials ___S1___                18

other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that the defendant fully understands its terms.

DATED this 15th day of April , 2025.

GREGORY W. KEHOE
United States Attorney

_____
Sanjar Jamilov
Defendant

_____
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

_____
David Haas, Esq.
Attorney for Defendant

_____
Leo Wise
Trial Attorney
Public Integrity Section

Defendant's Initials SJ                    19